LAWRENCE ALFORD
v.
WARDEN ANGIE HUFF, LOUISIANA DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS, SECRETARY, RICHARD L. STALDER, DAVID WADE CORRECTIONAL CENTER, WARDEN, VENETIA MICHAEL, RECORDS CUSTODIANS, HENRY GOINS, MRS. GRIER, S. GRYDER.
No. 2009 CA 0246.
Court of Appeals of Louisiana, First Circuit.
September 11, 2009.
Not Designated for Publication
LAWRENCE ALFORD, In Proper Person Plaintiff-Appellant.
SUSAN WALL GRIFFIN, Attorney for Defendant-Appellee, Richard Stalder, Secretary Louisiana Department of Public Safety & Corrections.
Before: CARTER, C.J., GUIDRY, and PETTIGREW, JJ.
PETTIGREW, J.
In this case, petitioner, an inmate in the custody of the Department of Public Safety and Corrections ("DPSC"), sought review of Administrative Remedy Procedure No. DWCC-2006-0746, concerning what petitioner alleged was the unlawful action by DPSC of requiring petitioner to forfeit incentive wages in order to receive double good time. Petitioner's request for administrative relief was rejected by DPSC based on a finding that the loss of good time was a disciplinary matter that must be challenged in a disciplinary board appeal. Following a de novo review of the record herein, including the traversal by petitioner and the Commissioner's Report, the trial court reversed the decision of DPSC, noting that petitioner's complaint was directed at the requirements necessary to earn double good time and was not directed to the challenge of any specific disciplinary penalty. However, the trial court found remand of the matter was improper. Citing La. R.S. 15:571.3 as support for the proposition that an inmate cannot earn double good time along with incentive wages, the trial court dismissed petitioner's claim, with prejudice, for failing to state a cause of action, an exception that the trial court raised on its own motion. This appeal by petitioner followed. After a thorough review of the record and relevant jurisprudence, we find no error of law or abuse of discretion by the trial court. Accordingly, we affirm the trial court's judgment by summary disposition in accordance with Uniform RulesCourts of Appeal, Rule 2-16.2A(5), (6), (7), and (8). All costs associated with this appeal are assessed against petitioner, Lawrence Alford.
AFFIRMED.